J-S30022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ASHLEY REBECCA JANE STUMPF | |
| Appellant | No. 1460 WDA 2017 |

Appeal from the Judgment of Sentence imposed September 5, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0004316-2009;
CP-65-CR-0004608-2009

BEFORE: BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                    FILED AUGUST 21, 2018

Appellant, Ashley Rebecca Jane Stumpf, appeals from the judgment of sentence the Court of Common Pleas of Westmoreland County imposed on September 5, 2017. For the reasons explained below, we affirm.

The underlying facts are not at issue here. Procedurally, following multiple revocations of Appellant's parole and/or probation, on November 16, 2015, the trial court eventually sentenced Appellant to 2.5 years of State Intermediate Punishment ("SIP") at docket number 4608-2009, and a consecutive 2.5 years of SIP at docket number 4316-2009. On September 5,

_____

* Retired Senior Judge assigned to the Superior Court.

2017, following a report of another violation,[1] the trial court held a revocation hearing. After hearing the evidence, the court revoked Appellant's SIP sentences, and sentenced her to an aggregate period of incarceration of five to ten years, with a 10-year term of probation.

On appeal, Appellant argues that trial counsel provided ineffective assistance at the hearing for revocation of her SIP sentences. Specifically, Appellant argues that counsel was ineffective because he failed to call a witness.[2] For the reasons stated below, Appellant is entitled to no relief.

In Commonwealth v. Holmes, 79 A.3d 562 (Pa. 2013), our Supreme Court reiterated the general rule that claims focusing on counsel's

_____

[1] On July 5, 2017, the trial court was notified that Appellant had been expelled from the SIP program "due to lack of meaningful participation." N.T. Revocation Hearing, at 2.

[2] In the questions presented for our review, Appellant also argues the Commonwealth's evidence at the revocation hearing was insufficient to prove "the charge of violation of parole beyond a reasonable doubt." Appellant's Brief at 11. Appellant did not raise the sufficiency issue in her Pa. R.A.P. Rule 1925(b) statement, raising it for the first time on appeal. The claim is, therefore, waived. See, e.g., Pa. R.A.P. 302(a). In passing, we note that the Rule 1925(b) statement, which Appellant identified as "Defendants Exceptions in Support of Appeal," is not in the trial court record forwarded to us. Appellant, however, included a copy of the statement in her reproduced record.

In any event, even if we were to address it, Appellant appears confused about the quantum of proof needed at a revocation hearing. It is not a "beyond a reasonable doubt" standard that the Commonwealth must meet. Rather, it is preponderance of the evidence standard. See, e.g., Commonwealth v. Kalichak, 43 A.2d 285, 291 (Pa. Super. 2008). The claim, therefore, is based on a major misapprehension of the law, which substantially undermines its merits, if any.

performance presumptively should await collateral review, with two exceptions:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> . . . .
>
> Second, with respect to other cases and claims, including cases such as Bomar[3] and the matter sub judice, where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called Bomar exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. . . . This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

Holmes, 79 A.3d at 563-64 (footnotes omitted).

Thus, under Holmes, claims of ineffective assistance of counsel ("IAC") may be reviewed by a trial court if (i) the ineffectiveness is apparent from the record and meritorious such that immediate consideration best serves the

_____

3 Commonwealth v. Bomar, 826 A.2d 831 (Pa. 2003).

interests of justice or (ii) if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence. Despite the clear dictate of Holmes, Appellant provides no explanation why she would be entitled to a review of her IAC claims on direct appeal. Indeed, Appellant nowhere mentions Holmes or its test. Because Appellant failed to explain why she is entitled to a review of her IAC claim on direct appeal, we will not review her IAC claim at this stage. Commonwealth v. Britt, 83 A.3d 198, 204 (Pa. Super. 2013) (appellant cannot seek review of ineffectiveness claim on direct appeal, "as it involves non-record-based claims, nor has Appellant waived PCRA review"). Accordingly, we must affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018